FILED
2015 Nov-25  PM 03:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

FILED

2015 NOV 25  A 11: 11

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| GREAT WESTERN DEVELOPMENT CORPORATION, INC.; and VENTEC, L.L.C., | ) ) ) ) | CIVIL ACTION NO.: |
| Plaintiffs, | ) ) | CV-15-CO-2160-W |
| v. | ) ) | JURY TRIAL DEMANDED |
| JONATHAN BENISON, individually and In his official capacity as Sheriff of Greene County, Alabama; WILLIAM NICK UNDERWOOD, individually And in his official capacity as Greene County Commissioner; YOUNG PEOPLES ALLIANCE ORGANIZATION; RIVER'S EDGE BINGO, L.L.C., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action by a non-profit organization, Great
Western Development Corporation, Inc. ("Great Western")and
Ventec, L.L.C., against Jonathan Benison individually and in his
official capacity as the Sheriff of Greene County, Alabama;
William Nick Underwood individually and in his official capacity
as Greene County Commissioner; Young Peoples Alliance
Organization; and River's Edge Bingo, L.L.C.  This Complaint
includes claims: (1) against Defendant Benison, pursuant to 42
U.S.C. § 1983, for violations of the Equal Protection Clause of
the Fourteenth Amendment of the United States Constitution; (2)
against all Defendants, pursuant to 42 U.S.C. § 1983, for a

1

conspiracy to deprive Great Western and Ventec of the equal protection of the laws; (3) against all Defendants for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (4) against all Defendants for conspiracy to violate RICO, (5)against Defendants Underwood, Young Peoples Alliance Organization and River's Edge for tortuous interference with contractual or business relations, (5) against all Defendants for Civil Conspiracy, (6) against Defendant Benison for Fraud.

2. Since on or about March 2012, Defendants, which constitute an Enterprise, have engaged in the improper influence of a public servant in connection with the issuance, enforcement and application of Amendment 743 Alabama Constitution and the Rules and Regulations for the operation of Bingo within Greene County, Alabama.   Said Enterprise is more fully described herein.

3. Throughout the applicable time period, Defendants Underwood, Young Peoples Alliance Organization and River's Edge, through unlawful influence, caused Defendant Benison to arbitrarily apply the Rules and Regulations for the operation of Bingo within Greene County, Alabama.  Said Rules and Regulations were applied in such a way that caused detriment to Plaintiffs while favoring Defendants Young Peoples Alliance Organization and River's Edge.

2

## JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this is an action arising under the laws of the United States, specifically 42 U.S.C. § 1983 and 18 U.S.C. § 1962. This Court has supplemental jurisdiction over the Plaintiffs' state-law claims pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 18 U.S.C. § 1965(a) because all Defendants reside in this district, all Defendants are subject to personal jurisdiction in this district, and a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in this district.

## PARTIES

6. Plaintiff Great Western Development Corporation, Inc. is a federally-recognized tax-exempt nonprofit organization and located in Jefferson County and Greene County, Alabama. Its mission is to assist the elderly in gaining housing and assisting in the expense of the burial of United States Veterans.

7. Plaintiff Ventec, L.L.C. is a limited liability company formed under the laws of the State of Alabama, and its principal place of business is in the State of Alabama.

8. Defendant Jonathan Benison is a citizen and resident of

3

Greene County, Alabama.  Defendant Benison is also the Sheriff of Greene County, Alabama.

9. Defendant William Nick Underwood is a citizen and resident of Greene County, Alabama.  Defendant Underwood was at all time relevant, also a member of the Greene County Commission.

10.  Defendant Young Peoples Alliance Organization is a non-profit organization located in Greene County, Alabama.

11.  Defendant River's Edge Bingo, L.L.C. limited liability company formed under the laws of the State of Alabama and its principal place of business is in the State of Alabama.  River's Edge Bingo, L.L.C. does business as River's Edge Bingo Barn.

## FACTUAL BASIS

12.  On or about January 21, 2011, Defendant Benison as Sheriff of Greene County, Alabama, enacted the Rules and Regulations for the operation of Bingo within Greene County, Alabama, pursuant to Constitutional Amendment 743 Alabama Constitution.  (Attached hereto as Exhibit 1).

13.  Pursuant to those Rules and Regulations, on or about October 22, 2011, Defendant Benison issued to Great Western Development Corporation, Inc. an unrestricted Class B Charity Bingo License.  (Attached hereto as Exhibit 2).

14.  Said license was issued to Great Western following

4

lengthy discussions between Defendant Benison and Great Western's representatives regarding the location and operation of the proposed Bingo facility.

15.  Included in these discussions was a presentation by Great Western involving a description of the property (a facility located off of Exit 52/ Knoxville Exit in Greene County, Alabama) renderings of the facility, along with prospective future development of said property.

16.  Following the issuance of said license, and relying on the representations made by Defendant Benison, Plaintiffs Great Western and Ventec, LLC, vendor and developer for Great Western, began investing substantial sums of monies in the property developing it to facilitate a Bingo operation.

17.  Following that said expenditure, beginning on or about March 2012, Defendant Benison, through his legal counsel J. Flint Liddon, began sending correspondence to Mr. Don Baylor of Great Western stating issues Defendant Benison had with the location of the site.  These issues were contrary to the discussions Plaintiffs had with Defendant Benison and Plaintiffs were taken aback by the sudden change discussion.

18.  On at least one occasion, Greene County Sheriff Deputies showed up on the Plaintiff's property with lights and sirens while Plaintiffs were there with prospective investors.

Sheriff used his official position to intimidate Plaintiffs and investors.

19.  Plaintiffs attempted to have several meetings with Defendant Benison but was denied.

20.  On or about October 2011, Defendant Young Peoples Alliance Organization received a Bingo License and was operating out of a Comfort Inn located in Greene County, Alabama.

21.  At all times relevant hereto, Defendant William Nick Underwood was President of the Green County Commission as well as counsel for Defendant Young Peoples Alliance Organization.

22.  Plaintiffs shared the aforementioned property description, renderings of the facility and future related development with Defendant Underwood as Commission President.

23.  On or about October 2012, Plaintiff Great Western submitted its $2,500.00 fee for the renewal of its Bingo License.

24.  Thereafter, Defendant Benison informed Plaintiff that he would not allow it to continue to develop on the original site as agreed and wherein Plaintiff had already invested significant sums. Instead he would transfer Great Western's license to another location.

25.  At or about the same time as terminating the project

6

of Great Western, Defendant Benison transferred Young Peoples Alliance Organization's Bingo License to the very same property he denied Great Western the right to build on.

26.   Young Peoples Alliance Organization used the very same plans, architects and structure Great Western had intended to develop.

27.   Said development was performed by Defendant River's Edge Bingo, LLC and is currently operating a Bingo facility doing business as River's Edge Bingo Barn on the property Defendant Benison indicated he would not permit such an operation on.

28.   Plaintiffs attempted to relocate a facility to a newly described location as directed by Defendant Benison just to expend additional funds and again be thwarted.

29.   On or about December 12, 2012, Defendant Benison wrote Great Western informing it that he was returning a check in the amount of $2,500.00 for a license fee indicating he could not accommodate its project of a bingo facility in its present state.   Said monies were never returned.

**PATTERN OF RECKETEERING ACTIVITY**

30.   As described more fully herein, the Defendants are engaged in an ongoing pattern of racketeering as defined by 18 U.S.C. § 1961(5).

31.   The pattern of racketeering activity engaged in by the

7

Defendants consists of more than two acts of racketeering activity, the most recent of which occurred within ten years after the commission of a prior act of racketeering activity.

32.   Under 18 U.S.C. § 1961(1), "racketeering activity" includes any act or threat involving bribery that is chargeable under state law and punishable by imprisonment for more than one year.

33.   The racketeering activity in this case includes an ongoing pattern of violations of Alabama's bribery statutes.

34.   Ala. Code § 13A-10-60, *et seq.* is entitled "Bribery and Corrupt Influence."   Ala. Code § 13A-10-60 incorporates the definition of "public servant" set forth in Ala. Code § 13A-10-1.   Ala. Code § 13A-10-1(7) defines a "public servant", in pertinent part, as "any officer or employee of government, including…any person…participating as an adviser, consultant, or otherwise in performing a government function."

35.   Defendant Underwood and Benison were acting as public servants and Underwood was acting as an advisor and attorney to Young Peoples Alliance Organization all times relevant hereto.

36.   Ala. Code § 13A-10-61(a) states that "a person commits the crime of bribery if:

    (A)   He offers, confers or agrees to confer any thing of value upon a public servant with the intent that the public servant's vote, opinion, judgment, exercise

8

of   discretion   or   other   action   in   his   official

capacity will thereby be corruptly influenced; or

(B)   While   a   public   servant,   he   solicits,   accepts   or

agrees   to   accept   any   pecuniary   benefit   upon   an

agreement   or   understanding   that   his   vote,   opinion,

judgment,   exercise   of   discretion   or   other   action   as

a    public    servant    will    thereby    be    corruptly

influenced.

Ala.   Code   §   13A-10-61(a).    Ala.   Code   §   13A-10-61(c)   states   that

"Bribery   is   a   Class   C   felony."    Pursuant   to   Ala.   Code   §   13A-5-6,

a   Class   felony   is   punishable   by   imprisonment   for   a   term   not   more

than 10 years or less than 1 year and 1 day.

37.    Defendants   Underwood,   Young   Peoples   Alliance

Organization and River's Edge along with Defendant Benison have

violated   and   continue   to   violate   Ala.   Code   §   13A-10-61(a)(1).

As   described   fully   herein,   Young   People   Alliance   Organization

have   offered,   conferred   and/or   agreed   to   confer   things   of   value

upon   Defendant   Underwood   with   the   intent   that   Underwood's

opinion,   judgment,   exercise   of   discretion,   or   other   actions   in

advising   and   consulting   with   Defendant   Benison   in   the   issuance

and regulation of Bingo licensing in Greene County, Alabama.

38.    Defendant   Underwood   has   violated   and   continues   to

violate   Ala.   Code   §   13A-10-61(a)(2).    As   described   more   fully

herein,   Underwood   on   multiple   occasions   since   October   2011   has

9

solicited, accepted and/or agreed to accept pecuniary benefits from Defendants Young Peoples Alliance Organization and River's Edge upon an agreement or understanding that Underwood's opinion, judgment, exercise of discretion, or other actions in advising and consulting with Defendant Benison in the issuance and regulations of Bingo Licensing in a corrupt manner.

39. Each such violation of Ala. Code § 13A-10-61 constitutes an act of "racketeering activity" under 18 U.S.C. § 1961(1)(A).

40. On numerous occasions since October 2011, Defendants Young Peoples Alliance Organization and River's Edge bestowed upon Defendant Underwood things of value in the form of legal fees and other payments.

41. In a bribery case, intent may be established by circumstantial evidence. *See United States v. Massey*, 89 F.3d 1433, 1439 (11th Cir. 1996). The circumstances surrounding the revocation of Plaintiffs license and issuance of license to Young Peoples Alliance Organization on same property establish that Young Peoples Alliance Organization and River's Edge intended to corruptly influence Defendant Underwood and Defendant Benison and Underwood and Benison agreed or understood that their actions would be corruptly influenced.

## THE ENTERPRISE

42. Defendants were associated in fact as an "enterprise"

10

as that term is defined by 18 U.S.C. § 1961(4). Defendant
Underwood was and is the attorney for Young Peoples Alliance
Organization and River's Edge, while at the same time serving as
President of the Greene County Commission.

43. That Enterprise was formed for the common purpose of
enriching certain of its members through a pattern of bribery
that allowed Young Peoples Alliance Organization and River's
Edge to operate a Class B bingo parlor in a prime location in
Greene County.

44. Each associate of the Enterprise conducted or
participated, directly or indirectly, in the conduct of the
Enterprise's affairs through a pattern of racketeering activity
described above. Defendants Young Peoples Alliance Organization
and River's Edge bestowed things of value on Defendant Underwood
by providing him benefits in the form of legal fees. Defendant
Underwood then influenced Defendant Benison in the revocation of
Plaintiff's license along with the transfer of Defendants Young
Peoples Alliance Organization and River's Edge license.

45. The Enterprise is engaged in and affects interstate
commerce in a variety of ways.

46. The Enterprise is engaged in and affects interstate
commerce in that the individuals who participate in Defendant
River's Edge electronic bingo games travel in interstate
commerce to reach the facility. Furthermore, Defendant River's

11

Edge is engaged in and affects interstate commerce by advertising its bingo parlor in interstate commerce. River's Edge maintains an interstate website that can be and is accessed by persons outside of Alabama.

### INJURY

47. Under 18 U.S.C. § 1964(c), "any person injured in his business or property" by racketeering activities may sue for those injuries and recover treble damages. A plaintiff may recover any damages proximately caused by the racketeering activity, including lost profits. *See Maiz v. Virani*, 253 F.3d 641, 662-663 (11th Cir. 2001).

48. Because of the racketeering activity, which has resulted in the creation and maintenance of River's Edge Bingo Barn, Plaintiffs have been unable to conduct business. Accordingly, the racketeering activity has been and continues to be the direct and proximate cause of an injury to Plaintiffs. As a result of that injury, Plaintiffs have suffered damages in the form of lost investment, lost profits and diminished value of their investments.

49. The Eleventh Circuit stated "proximate cause is not…the same thing as a sole cause', and it is enough for the plaintiff to plead and prove that the defendant's tortious or injurious conduct was a 'substantial factor in the sequence of responsible causation." *Williams v. Mohawk Industries, Inc.*,

12

465 F.3d 1277, 1288 n.5 (11th Cir. 2006).    The pattern of
racketeering activity in this case was certainly a substantial
factor, it not the sole factor, in the sequence of causation
that led to Plaintiffs' injuries.

**COUNT I**

**(RICO 18 U.S.C. § 1962(C))**

50.  Plaintiffs incorporate all foregoing paragraphs as if
stated fully herein.

51.  Plaintiffs are a "person" as defined in 18 U.S.C. §
1961(3), which have been injured in its business or property by
the conduct of Defendants in violation of RICO.

52.  Each Defendant is a "person" as defined in 18 U.S.C. §
1961(3), culpable for his or its conduce in violation of RICO.

53.  The Defendants have conducted and participated,
directly  or  indirectly,  in  the  conduct  of  the  Enterprise's
affairs through a pattern of racketeering activity, in violation
of 18 U.S.C. § 1962(c).

54.  As a direct and proximate result of the Defendants'
violations  of  18  U.S.C.  §  1962(c),  the  Plaintiffs  have  been
injured in their business and/or property through lost profits
and lost investments and licensing fees in an amount to be
proven at trial.    Under 18 U.S.C. § 1964, the Plaintiffs are
entitled to bring this action and to recover herein treble

13

damages and the costs of bringing this lawsuit, including attorney's fees.

## COUNT II

### (RICO 18 U.S.C. § 1962(d))

55. Plaintiffs incorporate all foregoing paragraphs as if stated fully herein.

56. Defendants, being persons employed by or associated with the Enterprise described above, unlawfully and willfully combined, conspired, confederated, and agreed with each other to violate 18 U.S.C. § 1962(c), that is, to conduct and participate, directly or indirectly, in the conduct of the affairs of the Enterprise through a pattern of racketeering activity.

57. As part of the conspiracy, each Defendant agreed to conduct or participate, directly or indirectly, in the conduct of the Enterprise's affairs through a pattern of racketeering activity described above.

58. The racketeering acts which Defendants committed and caused to be committed were overt acts taken in furtherance of the conspiracy.

59. As a direct and proximate result of Defendants' violations of 18 U.S.C. § 1962(d), Plaintiffs have been injured in their business or property through lost profits, lost investments and lost licensing fees in an amount to be proven at

trial.   Under 18 U.S.C. § 1964, Plaintiffs are entitled to bring this action and to recover herein treble damages and the costs of bring this lawsuit, including attorney's fees.

## COUNT III

### (Violation of the Equal Protection Clause)

60.   Plaintiffs incorporate all foregoing paragraphs as if stated fully herein.

61.   Defendant Benison, under the color of state law and his authority as Sheriff of Greene County, has intentionally treated the Plaintiffs differently from other similarly situated organizations, and there is no rational basis for the difference in treatment.   Accordingly, the Plaintiffs have been denied their right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

62.   Plaintiff Great Western is a non-profit organization. It was approved for an unrestricted Class B license by Defendant Benison.   Accordingly, it is similarly situated to those Greene County charities that have been allowed to maintain their licenses and operate a Bingo facility.

63.   Ventec, LLC is a vendor and developer contracted with Great Western.   Accordingly, Ventec, LLC is similarly situated to River's Edge, Greene Track, and all other vendor/developers in Greene County.

64.   Defendant Benison has intentionally treated the

Plaintiffs differently from their similarly situated counterparts by failing to renew appropriate licenses and the treatment of the location of the facility. That different treatment constitutes intentional and arbitrary discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. There is no rational basis for that different treatment.

65. There is no rational basis for the forced moved location for the license issued in 2011. There is no rational basis for the denied renewal/revocation of the license in 2012.

66. In addition to lacking rational basis, the actions of Defendant Benison are arbitrary, capricious and intended to discriminate against Plaintiffs.

## COUNT IV

**(Conspiracy to Deprive the Plaintiffs of the Equal Protection of the Laws)**

67. Plaintiffs incorporate all of the foregoing paragraphs as if stated fully herein.

68. Defendant Benison and Defendants Young Peoples Alliance Organization and River's Edge, agreed or had an understanding- reached by and through with the assistance and influence of Defendant Underwood, that Defendant Benison would revoke Plaintiffs license and deprive them of their location and plans and ability to operate and profit. Accordingly,

16

Defendants Young Peoples Alliance Organization and River's Edge were jointly engaged with Defendant Benison, a state official, in the deprivation of the Plaintiff's equal protection rights.

69.   As a result of the deprivation and its perpetuation, the Plaintiffs have been injured in an amount to be proven at trial.

## COUNT V

### (Tortious Interference with Contractual and Business Relations)

70.   Plaintiffs incorporate all of the foregoing paragraphs as if stated fully herein.

71.   Plaintiff Great Western contracted with Ventec to develop and be a vendor for the Bingo facility.

72.   Defendants had knowledge of these contractual relationships.

73.   With knowledge of those contractual relationships between Great Western and Ventec, Defendants Young Peoples Alliance Organization, River's Edge and Underwood intentionally interfered with those contractual and business relationships by influencing, aiding and/or directing Defendant Benison to revoke Plaintiff's license and location.   That interference was unjustified.

74.   The Plaintiffs have been damaged-and continue to be

17

damaged-by the intentional interference with their contractual relationships by the actions of Defendants Young Peoples Alliance Organization, River's Edge and Underwood.

## COUNT VI

### (Civil Conspiracy)

75. Plaintiffs incorporate all of the foregoing paragraphs as if stated fully herein.

76. Defendants herein acted in concert and conspired to accomplish an unlawful end or to accomplish a lawful end by unlawful activities.

77. Defendants all participated in the unlawful activity of violating the laws of the State of Alabama and causing injury to Plaintiffs.

78. As a result of said civil conspiracy, Plaintiffs have been-and continue to be damaged-by the intentional actions of Defendants.

## COUNT VII

### (Fraud)

79. Plaintiffs incorporate all of the foregoing paragraphs as if stated fully herein.

80. At the time of the purchase of the Bingo License by Great Western, Defendant Benison made false representations to Plaintiff and Plaintiff relied on those representations to its detriment.

18

81.   Defendant Benison approved plans submitted by Great Western, and funds were expended in reliance of that approval.

82.   Said representations by Defendant Benison were knowingly false.

WHEREFORE, the Plaintiffs pray that this Honorable Court enter judgment against the Defendants and award them:

a. Appropriate injunctive relief requiring Sheriff Benison to issue Great Benefits a Class B license.

b. To award damages to the Plaintiffs in an amount to be proven at trial, treble damages, and punitive damages.

c. For costs, including attorney's fees; and

d. For such further and additional relief as the Court deems just and proper.

**PLAINTIFFS DEMAND TRIAL BY STRUCK JURY**

Respectfully submitted,

/s/ Bret M. Gray
(ASB-3837-G54B)
1818 Third Avenue North
Bessemer, AL 35020
(205) 424-8255
(205) 424-8244- fax
bretg@griffin-assoc.com

Attorney for Plaintiffs

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL**

Jonathan Benison
Sheriff Green County, Alabama
400 Morrow Avenue
Eutaw, AL 35462

William Nick Underwood
2626 7th Street
Tuscaloosa, AL 35401

Young Peoples Alliance Organization
1010 County Road 208
Eutaw, AL 35462

River's Edge Bingo, L.L.C.
29214 U.S. 11
Knoxville, AL 35469